**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

MIGUEL MEZA,

        **Plaintiff,**

v.

        **Case No. 23-CV-121-RAW-GLJ**

CHRISTEY QUICK, et al.,

        **Defendants.**

## OPINION AND ORDER

Plaintiff Miguel Meza ("Plaintiff"), a state prisoner appearing *pro se* and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983 on April 10, 2023. Dkt. No. 1. Before the Court is the Motion to Dismiss [Dkt. No. 27] filed by Defendants Christey Quick and Terri Apala. For the reasons discussed herein, the Court finds the Motion should be granted. Additionally, the Court finds the claims against Defendant James Pettit should be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure or, in the alternative, under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).

### I.    Background

Plaintiff's claims arise from events he alleged occurred while he was housed at the Oklahoma State Penitentiary ("OSP"), an Oklahoma Department of Corrections ("ODOC") facility in McAlester, Oklahoma. Dkt. No. 1. Plaintiff names three defendants: OSP Warden Christey Quick, OSP Deputy Warden James Pettit, and OSP H-Block Unit Manager Terri Apala. *Id.* at 1, 3. He alleges that on March 27, 2022, during a "segregation review" at OSP, Defendant Apala "approved and forced" Plaintiff to be cell mates with inmate Johnothan Crindle despite Defendant Pettit and OSP's Chief of Security stating the move was "'looking for trouble' because of inmate Crindle's 'violent behavior' and [Plaintiff's] case." *Id.* at 5. Plaintiff then alleges

Crindle stabbed him multiple times on May 19, 2022. *Id.* at 6. Plaintiff sues Defendants Apala and Pettit in their official capacities only, and because Plaintiff does not specify otherwise, the Court assumes for purposes of this Order that Defendant Quick is sued in both her individual and official capacities. *Id.* at 1, 3. Plaintiff seeks both monetary relief and injunctive relief, requesting to be "deported back to Cuba" and "to be single celled on SE side or shipped." *Id.* at 6.

While Defendants Quick and Apala were served by United States Marshal in this matter, Defendant Pettit's summons was returned unexecuted. Dkt. Nos. 7, 8, 9. The Court authorized the United States Marshals Service to make a second attempt at service upon Defendant Pettit, which likewise was unsuccessful. Dkt. Nos. 14, 18, 29. Accordingly, on February 13, 2026, the Court directed Plaintiff to show cause as to why his claims against Defendant Pettit should not be dismissed for failure to effect service of process. Dkt. No. 30, at 1-2. In response to the Court's Order, Plaintiff states he is unaware of Defendant Pettit's current address and requests additional time to discover it. Dkt. No. 31, at 1. Meanwhile, on January 20, 2026, Defendants Quick and Apala filed a Motion to Dismiss [Dkt. No. 27], to which Plaintiff did not respond.

II.    **Dismissal of Claims Against Defendants Quick and Apala**

Defendants Quick and Apala have moved to dismiss the claims against them based on Rule 12(b)(6) of the Federal Rules of Civil Procedure and Eleventh Amendment immunity. Dkt. No. 27. To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The litigant must plead factual content that "allows the court to draw the reasonable inference" of the defendant's liability. *Id.* "Where a complaint pleads facts that are

2

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In assessing a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted). However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the Court construes a pro se litigant's pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Defendant Quick argues that the individual-capacity claims against her must be dismissed because Plaintiff fails to allege her personal involvement in a constitutional violation. Dkt. No. 27, at 8-10. The Court agrees. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Though Plaintiff names Christey Quick as a defendant in this action, he fails to reference Quick in his allegations. Accordingly, to the extent Plaintiff seeks to bring an individual-capacity claim against Defendant Quick, he has failed to plausibly allege her personal participation in a constitutional violation. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that in the context of § 1983 cases, it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair

3

notice as to the basis of the claims against him or her" (emphases in original)); *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (explaining that supervisory liability requires "an 'affirmative link' between the supervisor and the constitutional violation" (internal quotation marks omitted)).

Defendants Quick and Apala additionally argue that the official-capacity claims against them for damages are barred by the Eleventh Amendment. Dkt. No. 27, at 10-11. "The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state or citizens of another state." *Good v. Dep't of Educ.*, 121 F.4th 772, 788 (10th Cir. 2024) (emphasis and internal quotation marks omitted); *see* U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 65 (1996). The bar "applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity encompasses not just suits against the State itself but also suits against "governmental entities that are 'arms of the state.'" *Good*, 121 F.4th at 789. Further, "[i]f an agency is an arm of the state, its sovereign immunity from actions for damages extends to its officials sued in their official capacities." *K.A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025).

"The ODOC is . . . shielded by sovereign immunity because it is an arm of the state." *Berry v. Oklahoma*, 495 F. App'x 920, 922 (10th Cir. 2021) (citing *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988)).[1] Because Defendants Quick and Apala were employed by ODOC during the events giving rise to this lawsuit, ODOC's immunity extends to Plaintiff's § 1983 claims for damages against them in their official capacities. *See Sellers v. Cline*, 651 F. App'x

---

[1] The Court cites unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

804, 805 (10th Cir. 2016) (affirming dismissal of official-capacity claims for damages against state prison warden as barred by Eleventh Amendment); *Hobbs v. Okla. State Penitentiary*, 673 F. App'x 837, 839 (10th Cir. 2016) (affirming dismissal of official-capacity claims for damages against OSP law library supervisor and law library legal clerk as barred by Eleventh Amendment).[2]

Further, while the *Ex parte Young* exception to Eleventh Amendment immunity permits "suit[s] against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief," Plaintiff has not alleged an ongoing constitutional violation. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). Plaintiff requests prospective relief in the form of deportation to Cuba or "be[ing] single celled on SE side or shipped," but he does not allege that Crindle remains his cell mate or that his current cell arrangement violates his constitutional rights. Dkt. No. 1, at 6. In the absence of allegations that his constitutional rights are being violated in a manner that is ongoing, Plaintiff's official-capacity claims for prospective relief likewise fail.

### III.    Dismissal of Claims Against Defendant Pettit

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure the court must extend the time for service for an appropriate period." The United States Marshals have twice attempted to serve Defendant Pettit, and Plaintiff provides no indication that the failure

---

[2] Additionally, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," when sued for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 & n.10. Thus, Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities are subject to dismissal on that ground.

to effect service in either instance was attributable to the Marshals. *See Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service."); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address."). Further, Plaintiff's statement in his response to the Court's February 13, 2026, Show Cause Order—that he has "no access to search up where [Defendant Pettit] is employed"—does not demonstrate good cause mandating an additional extension of time. *See Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001) (finding the plaintiff's arguments that "he is currently incarcerated, never personally knew [the defendant], and cannot get information from prison officials because they do not know [the defendant's] whereabouts" were "insufficient to establish good cause" under Rule 4(m)).

Alternatively, dismissal of the claims against Defendant Pettit is appropriate under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B). Federal law mandates that courts dismiss actions that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief, if the action is brought "with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility," 42 U.S.C. § 1997e(c)(1), or by a plaintiff proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B). "[A] court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall*, 935 F.2d at 1110 (internal quotation marks omitted). Plaintiff sued Defendant Pettit solely in his official capacity. Dkt. No. 1, at 3. Because Defendant Pettit is a state officer, the official-capacity claims for damages raised against him are

subject to dismissal because state officers "acting in their official capacities are [not] 'persons' under § 1983" when sued for money damages and because the claims are barred by the Eleventh Amendment. *See Will*, 491 U.S. at 70-71 & n.10. And, as previously discussed, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to Plaintiff's claims for prospective relief, as Plaintiff does not allege a violation of his constitutional rights that is ongoing.[3]

## IV.    Conclusion

For the reasons discussed herein, the Court finds this action should be dismissed without prejudice.

IT IS THEREFORE ORDERED that:

(1) the Motion to Dismiss submitted by Defendants Quick and Apala [Dkt. No. 27] is **granted**. The claims against Defendants Quick and Apala are dismissed without prejudice based on Rule 12(b)(6) of the Federal Rules of Civil Procedure and Eleventh Amendment immunity.

(2)  The claims against Defendant Pettit are dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure or, in the alternative, under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).

(3) A separate judgment of dismissal shall be entered in this matter.

**DATED** this 7th  day of April, 2026.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[3] Permitting Plaintiff an opportunity to amend his Complaint to sue Defendant Pettit in his individual capacity would be futile, as Plaintiff's allegations against Defendant Pettit do not plausibly demonstrate personal participation in a constitutional violation. Rather, the allegations suggest Defendant Pettit cautioned against housing Plaintiff with Crindle. *See* Dkt. No. 1, at 5; *K.A.*, 134 F.4th at 1078 ("Amendment is futile if the complaint, as amended, would be subject to dismissal." (internal quotation marks omitted)).